## DECEMBER TERM, 1843.

### Benjamin E. Phillips *v.* George Saunderson, *et al.*

Where, by a contract of sale of real estate, part of the purchase-money was to be paid down, and the remainder in instalments, secured by deed of trust, before the property is to be delivered, and only a portion of the cash payment is made, and the property is delivered, and the deed of trust for the instalments taken ; held, that the vendor has no equitable lien upon the land sold, for the unpaid portion of the purchase-money, agreed to be paid in cash.

Where there is an express lien, reserved by the vendor for part of the consideration-money, of real estate sold, it excludes the idea of an implied lien on the land for the residue of the unpaid purchase-money.

Where a party buying land, agreed to make a cash payment in part, and secure the remainder of the purchase-money by deed of trust on the land purchased, and when the sale was consummated, paid only a portion of the proposed cash payment, and the vendor filed a bill in equity to enforce a supposed equitable lien for that unpaid portion ; held, although the complainant was not entitled to the relief he asked, yet his bill shall be dismissed at the cost of the vendee, who occasioned the injury.

The facts of this case, so far as they are material to the decision of the Court, will be found at length in the opinion of the Chancellor.

*Hutchinson* and *Foote*, for the complainant, contended :

That the vendor has a lien on the land sold, for the portion of the purchase-money remaining unpaid. Fonb. Eq. 295. See also *Walker* v. *Preswicke*, 2 Ves. 622 ; *Pollixfen* v. *Moore*, 3 Atkins, 272, as to the lien against the purchaser, or any one claiming under him with notice.

The taking of a promissory note for the purchase-money does not affect a vendor's lien. *Garson* v. *Green*, 1 John. Ch. R. 309 ; *Kenney* v. *Collins*, 4 Littell, 389 ; *Johnson* v. *Gwathney*, do. 317.

To constitute the waiver of a lien, the security must be distinct and independent ; the bond of the vendee alone would not be sufficient. *Cox* v. *Fenwick*, 3 Bibb, 183 ; 1 Mason, 192 ; 4 Littell, 289 ; do. 317. See 1 Paige's Ch. R. 21, and 1 Maddock, 356 ; 1 Vernon, 267, note 3 ; 6 Ves. 752, note 2.

*Hughes*, for defendant, Lane.

The bill is filed to set aside an executed agreement for the sale of land and negroes ; or, in the event that this cannot be done, then, that the estate sold may be subjected to a lien for about $8000, a part of the purchase-money, which had not been paid.

The bill alleges, in substance, that Phillips sold a plantation, negroes, and cotton and corn crops, to Saunderson, for about $68,000, $18,000 in cash in hand, about $20,000 to Reynolds, Marshall, & Co., which was necessary to be paid, to raise a lien which was subsisting on the estate sold, and the balance in one and two years ; that to secure the payment of the second, third, and fourth payments, a deed of trust was given on the property sold; by the fraud of Saunderson, Phillips was induced to deliver the deed for the land and negroes, before the whole of the cash payment was made, and there is yet about $8000 due ; alleges that Lane had notice of the fraud. Lane bought subject to the lien attempted to be set up. The bill alleges, also, that after Lane purchased, the complainant was induced, by the fraud of the defendant, to release the deed of trust.

All the material allegations of the bill, so far as they affect the defendant Lane, are denied by answer.

The proof makes no case against Lane.

The whole matter amounts to this only, that complainant improvidently and incautiously so made his arrangements with Saunderson, that Saunderson has got the advantage of him ; with this the defendant Lane has nothing to do.

It is insisted on the part of the defendant Lane:

1. That the bill should be dismissed ; no case can be made out against Lane, showing that a rescission of the agreement should take place.

2. No case is made by the bill, answer, and proof, upon which the Court will declare a lien in favor of the complainant, as to that portion of the purchase-money which was to be paid in cash in hand, but was not so paid before the deeds were delivered ; as to Saunderson, even, this could not be done ; because the rule is well established, that where security by bond, with surety or mortgage, has been taken for the purchase-money, in part or in whole, the equitable lien is waived or discharged. See *Fisk* v. *Howland*, 1 Paige's Ch. R. 20.

CHANCELLOR.   The only facts which I deem it material to notice are these.   In October, 1835, the complainant, Benjamin E. Phillips, sold and conveyed to George Saunderson, a plantation and slaves in the county of Hinds.   Eighteen thousand dollars of the purchase-money was to be paid when the property was delivered, the remainder of the consideration was to be paid in instalments, at different periods thereafter, and was then secured by a deed of trust on the property from Saunderson.   Shortly after this, a payment of some nine thousand dollars was made by Saunderson, and thereupon possession of the property, and of the deed of conveyance, were duly delivered to him; without any security being retained for the remainder of the eighteen thousand dollars, which, by the terms of the contract, was to have been paid when such possession was delivered.   This omission is alleged to have been the result of a misapprehension on the part of the complainant, he having been led to the belief, that the deed of trust covered the $18,000, which was to have been promptly paid in the manner stated, as well as the instalments to be paid thereafter. Shortly after this, Saunderson sold and conveyed the same property to the defendant Lane, who agreed, amongst other things, to pay off and discharge the money due to Phillips on the deed of trust from Saunderson.   It appears that a portion of the cash payment which was to have been made to Phillips, and for which he had no security, was still unpaid at the time when Lane purchased from Saunderson, and that Lane knew that fact.   Upon this state of facts, the bill prays, that the sale to Saunderson may be rescinded, or that the balance due from him, on the first payment, may be declared to be a lien on the land in the hands of Lane, and enforced by a decree of this Court.   The bill charges fraud on Saunderson in procuring the possession of the deed and of the property, without paying the money which was then to have been paid.   There is no proof establishing fraud in the act referred to ; and if there were, there is nothing whatever to show that Lane participated in it, or had any knowledge of such fraud, at the time of his purchase from Saunderson.   Lane would, therefore, in this particular, stand as a *bonâ fide* purchaser without notice of the alleged fraud, and there could consequently be no pretext for rescinding the contract

as against him. The principal question is, had Phillips an equitable lien on the land, for the money here claimed, at the time when Lane purchased from Saunderson ; because the simple notice to Lane, that the money was unpaid, cannot render the land liable in his hands, unless the money constituted an equitable lien on the land, as against Saunderson. That no such lien existed is evident, for two reasons : 1. The very nature and terms of the contract show that such a lien was not within the contemplation of the parties thereto ; because the sum of money for which it is claimed, was to have been promptly paid upon the delivery of the property ; and although its payment was waived at that moment, it was still looked to as a prompt payment. The equitable lien of a vendor can only arise where the sale is made upon a credit ; here no such credit was given or contemplated as to that portion of the consideration-money for which a lien is now claimed. Such a lien arises by implication of law, and may be waived by any act of the parties, showing that it was not intended to be retained. I think that the acts of the parties, in this case, fully exclude the idea of an implied lien. 2. The second reason is, that the complainant retained an express lien upon the property as to much the larger portion of the purchase-money, thus excluding the idea that it was *intended to be retained* as to any amount beyond that specified in the contract. I understand the rule is settled, that, where there is an express lien on the estate, for a part of the consideration-money, it excludes the idea of an implied lien for the residue. *Bond* v. *Kent*, 2 Vern. Rep. 281 ; *Fish* v. *Howland*, 1 Paige, Rep. 31 ; *Little* v. *Brown*, 2 Leigh, Rep. 353. The same rule is recognized in the case of *Brown* v. *Gilman* (4 Wheat. 291), where Mr. Chief Justice Marshall says : " The express contract, that the lien shall be retained to a specified extent, is equivalent to a waiver of that lien to any greater extent."

According to this view of the case, I shall direct the bill to be dismissed, at the costs of the defendant Saunderson, who occasioned the loss and injury to the complainant by his default. Let a decree be prepared accordingly.